**Jonathan M. Hoffman, OSB No. 892788**
jhoffman@mblglaw.com
**Michael A. Yoshida, OSB No. 065631**
myoshida@mblglaw.com
MB LAW GROUP, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Of Attorneys for Defendant Delta Air Lines, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| COLLEEN MCCORMICK and DONALD HUDSON, individually and on behalf of A.H., C.H. and D.H., minors, and ANGEL HUDSON,<br><br>Plaintiffs,<br><br>v.<br><br>AEROVIAS DE MEXICO S.A. DE C.V., a foreign corporation doing business in Oregon, d/b/a AEROMEXICO, d/b/a AEROLITORAL DE MEXICO S.A. DE C.V., d/b/a AEROMEXICO CONNECT, and DELTA AIR LINES, INC., a Georgia corporation doing business in Oregon,<br><br>Defendants. | Case No. 3:18-cv-01628-SB<br><br>**DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br><u>Oral Argument Requested</u> |

Page 1 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

## LR 7-1 CERTIFICATION OF COMPLIANCE

Counsel for Defendant Delta Air Lines, Inc., certify that they made a good-faith effort through conferrals to resolve the dispute that is the subject of this motion and were unable to do so.

## MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Colleen McCormick and Donald Hudson, individually and on behalf of minors A.H., C.H., and D.H., as well as Angel Hudson (collectively, "Plaintiffs") have filed this action against Aerovias de Mexico S.A. de C.V. ("AeroMexico"), d/b/a Aerolitoral de Mexico S.A. de C.V., d/b/a Aeromexico Connect, and Delta Air Lines, Inc., ("Delta") to recover damages that Plaintiffs allege were sustained as the result of an accident that occurred during takeoff of AeroMexico Flight 2431. Delta moves for summary judgment as a matter of law under Federal Rule of Civil Procedure 56. In support of its motion, Delta submits this memorandum of law along with the accompanying declaration of Steven R. Jensen ("Jensen Decl.") and the exhibits attached thereto.

## Preliminary Statement

The *Convention for the Unification of Certain Rules for International Carriage by Air*, ICAO Doc. 9740, *reprinted in* Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention" or "Convention"), is an international air-carriage treaty that has been ratified by the United States, as well as many other countries, including Mexico. The Convention establishes an exclusive and comprehensive liability regime for passengers who claim injuries on flights that are part of international itineraries. As such, the Convention exclusively governs any recovery for damages or injuries arising out of the operation of AeroMexico Flight 2431.

Page 2 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Under the terms of the Montreal Convention, a plaintiff may only recover against a carrier in one of three circumstances:

(1) the carrier operated the flight during which the accident occurred (Article 36(2));

(2) the carrier did not operate the flight but was the "contracting carrier" for the flight (Article 39); or

(3) the carrier was neither the contracting carrier nor the actual carrier but, by express agreement, assumed liability for the entire journey (Article 36(2)).

None of the three bases for liability is present here. Delta did not operate AeroMexico Flight 2431. The flight was operated by Aerolitoral de Mexico S.A. de C.V. ("Aerolitoral"), a wholly owned subsidiary of AeroMexico. Delta was not the contracting carrier for the flight, as evidenced by the fact that it was not designated in the flight number: "AeroMexico 2431." Finally, Plaintiffs have not alleged the existence of, nor cited, any agreement by which Delta expressly assumed liability for the entire itinerary that included Flight 2431. No such agreement exists because Delta did not assume liability for Flight 2431. For these reasons, Delta cannot be held liable under the Montreal Convention.

Since Plaintiffs cannot recover under the Convention, the Court should grant Delta's motion for summary judgment. The Convention preempts all state-law claims. Alternatively, even absent preemption under the Convention, Plaintiffs' state-law claims would be preempted by the Airline Deregulation Act ("ADA"). The Montreal Convention does not allow Plaintiffs to recover against Delta and no other means of recovery are available to them. Summary judgment dismissing all claims against Delta is warranted as a matter of law.

## Undisputed Material Facts

Plaintiffs purchased tickets online from Delta's website for travel on July 31, 2018. Complaint ¶ 16. Plaintiffs allege, and the electronic ticket confirmations from the purchase

Page 3 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

corroborate, that Plaintiffs were to fly on AeroMexico Flight 2431 from Durango to Mexico City. *Id.* ¶ 23; Jensen Decl. ¶ 3 and Ex. A. AeroMexico Flight 2431 was operated by Aerolitoral, a subsidiary of AeroMexico. Jensen Decl. ¶ 5. Plaintiffs were then supposed to take a second flight -- Delta Flight 8072 -- from Mexico City to Portland, Oregon. Complaint ¶ 23; Jensen Decl. ¶ 5 and Ex. A.

During take-off, AeroMexico Flight 2431 experienced an accident and landed abruptly. Complaint ¶ 21.

Delta sold the tickets for AeroMexico Flight 2431 pursuant to an "Interline Agreement" between Delta and AeroMexico's subsidiary, Aerolitoral. Jensen Decl. ¶ 6 and Ex. B. Tickets sold in this manner are known in the airline industry as "interline tickets." *Id.* ¶ 6. When a carrier such as Delta sells an interline ticket for transportation to be provided by another carrier, it has no involvement in the operation of the flight, and assumes no responsibility for the acts or omissions of the other carrier in the operation of the flight. *Id.* ¶ 8. In fact, Delta's Interline Agreement with AeroMexico's subsidiary explicitly states that any injuries that occur during a flight "shall not be the responsibility" of the airline that sold the tickets. *Id.* ¶ 9 and Ex. B.

In contrast with an interline agreement, there is another type of agreement entered into between carriers in the industry: a codeshare agreement. *Id.* ¶¶ 12-13. A codeshare agreement is similar to an interline agreement to the extent that it allows a carrier to sell tickets on flights operated by another carrier. *Id.* ¶ 13. A codeshare arrangement, however, differs from an interline arrangement in one important respect: the carrier that sells the codeshare ticket enters into a contract with the passenger -- it is the "contracting carrier." *Id.* The carrier who operates the flight is the "actual carrier" who acts on behalf of the contracting carrier. *Id.* In a codeshare arrangement, the

Page 4 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

contracting carrier is identified by name in the flight number and the contracting carrier's contract of carriage governs that flight. *Id.* ¶¶ 14-15.

Although Delta and AeroMexico had a codeshare agreement at the time of the accident, AeroMexico Flight 2431 was not subject to that agreement. *Id.* ¶¶ 12, 16-17. It was an interline flight, not a codeshare flight. *Id.* ¶¶ 6, 10, 16-17. The flight number "AeroMexico 2431" indicated that Delta was not the contracting carrier. *Id.* ¶ 13. The flight was operated by Aerolitoral, a subsidiary of AeroMexico, pursuant to an interline agreement between Delta and Aerolitoral. *Id.* ¶¶ 5-6. In sum, Delta was neither the contracting carrier nor the actual carrier for Flight 2431. *Id.* ¶ 13, 15-16. Delta never entered into a lease with AeroMexico to operate Flight 2431. *Id.* ¶ 11. And Delta never assumed liability or responsibility for any injuries that would have occurred on Flight 2431. *Id.* ¶ 17.

The only Delta codeshare flight that Plaintiffs were scheduled to board on July 31, 2018, was Delta 8072 from Mexico City to Portland -- a flight they never took, due to the incident on AeroMexico 2431. *Id.* ¶ 15.

Finally, the parties agree that this action is brought pursuant to the Montreal Convention and that Plaintiffs' claims are subject to the Convention. Complaint ¶ 1 (noting that jurisdiction over "this claim" exists pursuant to the Montreal Convention).

### Rule 56 Standard

When reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If a motion for summary judgment under Federal Rule of Civil Procedure 56 is properly made and sufficiently supported, an opposing party has the burden of showing that a genuine dispute

Page 5 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Furthermore, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48.

A "material fact," for the purposes of the summary judgment inquiry, is a fact that might affect the outcome of a party's case. *Id.* at 248; *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982); *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014); *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Similarly, whether a fact is considered "material" is determined by the substantive law governing the claims alleged in the complaint. Accordingly, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Jackson v. Wells Fargo Bank, N.A.*, 693 F. App'x 634, 635 (9th Cir. 2017); *Bunn v. Khoury Enterprises, Inc, supra; Hooven–Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). Additionally, Federal Rule of Civil Procedure 56(e) requires that the nonmoving party go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## ARGUMENT

I. **Plaintiffs Cannot Recover Against Delta Because the Montreal Convention Does Not Authorize Liability to Be Imposed Upon the Issuer of an Interline Ticket.**

The Montreal Convention dictates that a plaintiff may only recover against a carrier for injuries suffered on a flight in an international itinerary in one of three circumstances:

(1) the carrier operated the flight during which the accident occurred (Article 36(2));

Page 6 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

(2) the carrier did not operate the flight but was the "contracting carrier" for the flight (Article 39); or

(3) the carrier was neither the contracting carrier nor the actual carrier but, by express agreement, assumed liability for the entire journey (Article 36(2)).

None of these criteria are satisfied here. First, Plaintiffs do not -- and cannot -- allege that Delta operated AeroMexico Flight 2431. As to the second potential basis for liability, Delta was not the contracting carrier -- as Plaintiffs bought interline tickets for Flight 2431, not codeshare tickets. Plaintiffs themselves identify the flight as "AEROMEXICO flight 2431," which indicates that AeroMexico, not Delta, was the contracting carrier. Complaint ¶ 23. Further, the ticket records confirm that the flight was designated "AeroMexico 2431" and had no alternate Delta flight number attached to it. Jensen Decl., Ex. A. Finally, as to the third possible basis, Plaintiffs have not alleged the existence of, nor cited, any agreement by which Delta expressly assumed liability for the entire itinerary that included Flight 2431. The reason is simple: no such agreement exists.

Delta sold tickets to Plaintiffs for AeroMexico Flight 2431 pursuant to an interline agreement, not a codeshare agreement. Delta bore no responsibility as the contracting carrier. Based on virtually identical facts, a district court recently granted a carrier's motion for summary judgment. In *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 669-70 (E.D. Va. 2017), plaintiffs were surviving family members of passengers who died on Germanwings Flight 9525, when the co-pilot caused the plane to crash in the French Alps. In addition to filing suit against the carrier that operated the flight, Germanwings GmbH ("Germanwings"), plaintiffs also sued United Airlines ("United") because the tickets for Flight 9525 were bought via United's website. *Id.* at 669. United moved for summary judgment, arguing that the tickets issued were interline tickets -- not codeshare tickets. *Id.* at 678. Absent a codeshare arrangement as to the Flight 9525 tickets,

Page 7 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

United asserted that it was not the "contracting carrier" as defined by Article 39 of the Montreal Convention, and therefore could not be held liable. *Id.* The decedents' itinerary included a subsequent flight that was to be operated by United but, because of the tragic crash of Flight 9525, the decedents never traveled on that later United flight. *Id.* at 670.

The *Selke* court observed that the Convention draws a clear distinction between a "contracting carrier," under whose authority the actual carrier performs -- and mere "successive carriers" who "contribute individually to separate legs of a larger travel plan." 261 F. Supp. 3d at 677. Unless there is an express agreement to assume liability for the entire journey, "a successive carrier . . . is liable only if it was the carrier that performed the carriage when the accident . . . occurred." *Id.* (citing Montreal Convention, Art. 36).

Turning to the facts of the case, the court determined that "tickets sold pursuant to and for the purposes of an interline agreement qualify the carriers for each leg of the journey, even the first, as successive carriers under the Montreal Convention." *Id.* at 679. In short, "*the Montreal Convention does not place liability on sellers of interline tickets* because they fall within the definition of successive carrier arrangements, which are expressly excluded from the Convention's liability scheme." *Id.* (citation omitted) (emphasis added). Since United's only connection to Germanwings 9525 was the sale of tickets under an interline agreement, the Convention barred plaintiffs' claim against United. The court therefore granted summary judgment in favor of United.[1]
*Id.*

---

[1] The *Selke* court relied in large part on *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp. 2d 359, 364 (E.D.N.Y. 2008). In *Best*, plaintiffs asserted various tort claims against a carrier who sold them interline tickets for a flight operated by another airline. 581 F. Supp. 2d at 360, 363. The court in *Best* rejected plaintiffs' claims and granted the airline's motion for summary judgment, noting that Article 39 of the Montreal Convention extends liability to "contracting" carriers and "actual" carriers -- but not to "successive" carriers. 581 F. Supp. 2d at 363-64. Since the defendant airline sold interline tickets, not

Page 8 -    DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR
             SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

There is no material distinction between the facts in *Selke* and the facts in this case. Like United in *Selke*, Delta sold tickets to Plaintiffs pursuant to an interline agreement. Delta was a "successive carrier" for a later segment in the overall travel plan (Delta 8072 from Mexico City to Portland) but had no responsibility for AeroMexico 2431, the flight on which the accident occurred. In *Selke*, the court noted that the flight at issue -- Germanwings Flight 9525 -- was not designated with a "United" flight number, as would have been the case for a codeshare flight. *Id.* at 678. Again, the flight at issue here was AeroMexico 2431, not "Delta 2431." It had an AeroMexico flight number, not a Delta flight number, because Delta was not the contracting carrier.[2] In a codesharing arrangement, "an airline sells a ticket *under its name and code number*, but the flight itself is operated by another airline." *Best v. BWIA West Indies Airways Ltd.*, 581 F. Supp. 2d 359, 364 (E.D.N.Y. 2008) (citation omitted) (emphasis added). AeroMexico 2431 did not have a Delta flight number. It was not a Delta codeshare flight. *See United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 606 (7th Cir. 2000) (explaining that, in a codeshare arrangement, the carrier who markets the flight "lists the . . . flights in its computer reservation system under its name, carrier code, and flight numbers, such as [in the case of United Airlines] 'UA 2345'"), and *Shirobokova v. CSA Czech Airlines, Inc.*, 376 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (noting that codesharing is "an arrangement whereby a carrier's designator code is used to identify a flight operated by another carrier") (quoting 14 C.F.R. §257.3(c))..

---

codeshare tickets, for the flight at issue, the court determined that it was a successive carrier under the Convention. *Id.* at 364.

[2] The U.S. Department of Transportation ("DOT") has defined codesharing as "an arrangement whereby a carrier's designator code is used to identify a flight operated by another carrier." 14 C.F.R. § 257.3(c). Here, the flight number "AeroMexico 2431" designates AeroMexico, not Delta. And the flight was operated by Aerolitoral, not Delta. Thus, under the DOT's own definition, AeroMexico 2431 could not have been a Delta codeshare flight.

Page 9 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Further, *Selke* accords with other courts that have considered the extension of liability to successive carriers. In *Shirobokova*, the court dismissed a similar claim against Delta because the flight on which the accident occurred was operated by another carrier and, as in this case, plaintiffs had not alleged that Delta *"by express agreement, . . . assumed liability for the whole journey."* 376 F. Supp. 2d at 443 (emphasis added.)

Similarly, in *Nwokeji v. Arik Air*, 2017 WL 4167433, at *14 (D. Mass. Sep. 20, 2017), the district court cited *Selke* to reach the same conclusion in a case where a plaintiff brought a claim against American Airlines for damages related to a delayed flight operated by another carrier. That court held that, because American was a successive carrier under Article 36 of the Montreal Convention, it could not be held liable because it "was not the actual carrier when the delay occurred." *Id.* *See also Best*, 581 F. Supp. 2d at 363 ("[T]he initial carrier does not become liable for an injury taking place on one of the successive legs of the trip merely by virtue of the fact that the traveler purchased tickets for the entire trip through that initial carrier.") (citing, *inter alia*, *Shirobokova*, 376 F. Supp. 2d at 442-43).

*Selke* and its brethren confirm that the Montreal Convention does not permit Plaintiffs to recover against Delta, a successive carrier and issuer of interline tickets. Summary judgment should be granted on that basis.

## II. The Montreal Convention Is Exclusive and Preempts Any State- Law Remedies.

A treaty, such as the Montreal Convention, is "the supreme law of the land" and no state can add to or take away from its force and effect. *Hines v. Davidowitz*, 312 U.S. 52, 63 (1941) (citing U.S. Constitution, Art. VI). The Montreal Convention provides the exclusive remedy for claims falling within its coverage. The Supreme Court has held that the Montreal Convention

Page 10 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

"precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty." *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 175 (1999).[3] Indeed, Article 29 of the Convention explicitly states: "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, *can only be brought subject to the conditions and such limits of liability as are set out in this Convention.*"

"By its own terms, the [Montreal] treaty, where applicable, preempts the remedies of a signatory's domestic law, whether or not the application of the Convention will result in recovery in a particular case." *Best*, 581 F.Supp. 2d at 362. *See also Tseng*, 525 U.S. at 161 ("[R]ecovery for a personal injury suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking, *if not allowed under the Convention, is not available at all.*") (emphasis added). *Accord Twardowski v. Am. Airlines*, 535 F.3d 952, 959 (9th Cir. 2008); *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 781 (7th Cir. 2008); *Dogbe v. Delta Air Lines, Inc.*, 969 F. Supp. 2d 261, 269 (E.D.N.Y. 2013); and *Schoeffler-Miller v. Nw. Airlines, Inc.*, 2008 WL 4936737, at *3 (C.D. Ill. Nov. 17, 2008).

Plaintiffs make general allusions to possible liability based on apparent or actual agency, and on a "joint venture and common enterprise" relationship between AeroMexico and Delta.

---

[3] Although the *Tseng* Court addressed the Warsaw Convention, the predecessor to the Montreal Convention, courts have determined that reliance on cases interpreting the Warsaw Convention is appropriate because the provisions of both treaties are "substantially similar." *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 676 (E.D. Va. 2017) (citations omitted). *See also Eli Lilly & Co. v. Air Exp. Intern. USA, Inc.*, 615 F.3d 1305, 1308 (11th Cir. 2010) (acknowledging that the Montreal Convention replaced the Warsaw Convention); *In re Nigeria Charter Flights Contract Litig.*, 520 F.Supp.2d 447, 453 (E.D.N.Y. 2007) ("Because the two conventions' preemptive language is substantially similar, they have 'substantially the same preemptive effect.'") (citing *Paradis v. Ghana Airways, Ltd.*, 348 F.Supp.2d 106, 111 (S.D.N.Y. 2004)).

Page 11 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

Complaint ¶¶ 15, 19. They also allege negligence on Delta's part. *Id.* ¶¶ 11, 32, 34, 36. All such state-law claims, however, are preempted by the Convention. Again, *Selke* proves instructive. The *Selke* plaintiffs asserted state-law-based tort claims against United: e.g., alleged failure to ensure that Germanwings met "certain safety requirements," and liability based on "agency, partnership, and/or joint venture relationships."[4] 261 F. Supp. 3d at 676. The court concluded that those claims were preempted when it reasoned:

> [T]he Convention's preemptive effect is clear: The treaty precludes passengers from bringing actions under local law when they cannot establish air carrier liability under the treaty. Because the Montreal Convention expressly addresses carrier liability in Articles 1(3), 36, 39, and 40, *Plaintiffs cannot bring state law claims for negligence or agency, partnership, or joint-partnership liability.*

*Id.* (citation and footnote omitted) (emphasis added). The same principle applies to Plaintiffs here. The Convention precludes them from bolstering their treaty-based claims with state-law claims. The former fail under the terms of the Convention and the latter are preempted.

### III. Even if the Montreal Convention Did Not Provide an Exclusive Remedy, the Airline Deregulation Act Precludes Plaintiffs From Using State Law to Assert Claims Related to "Price, Routes, or Services."

Although the Convention and the applicable case law require any alternative state-law claims of joint venture or negligence to be dismissed as a matter of law, such claims are also subject

---

[4] As happened in *Selke*, Plaintiffs here make a common-law tort claim based on an allegation that Delta failed to conduct a "safety audit" of AeroMexico. Complaint ¶ 11. The *Selke* court concluded that all such state-law claims are preempted generally under the Convention. 261 F. Supp. 3d at 676. In addition, however, claims based on alleged failures to conduct safety audits were specifically identified as preempted in the Executive transmittal letter to the U.S. Senate that submitted the Convention for ratification: "[N]either the contracting carrier, the actual carrier, nor their servants or agents could be held liable outside the Convention under any alternative tort or contract law theories for matters such as, for example, negligent selection of, or *failure to properly audit or monitor the safety of, the actual carrier*." Letter of Transmittal from President William J. Clinton, Sep. 6, 2000, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, at *22 (emphasis added).

Page 12 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

to dismissal because they would be preempted by the ADA. In that regard, 49 USC § 41713(b)(1) states:

> (b) Preemption.
>
> (1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route, or service of an air carrier*.

(Emphasis added.) The expansive scope of preemption under the ADA would capture the alternative state-law claims asserted by Plaintiffs.

In 1992, the United States Supreme Court considered whether the ADA precluded the use of state law to sanction carriers that had allegedly engaged in deceptive trade practices. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). The Court held that state-law-based deceptive-practice claims were preempted and, in so doing, more broadly also held that any "*actions having a connection with, or reference to, airline 'rates, routes, or services' are preempted* under [49 USC §41713(b)(1)]." 504 U.S. at 384 (emphasis added).

When the Supreme Court next reviewed the intended scope of the ADA's express preemption provision in *American Airlines v. Wolens*, 513 U.S. 219 (1994), its holding defined the limits of its earlier holding in *Morales*. The issue in *Wolens* was whether the ADA preempted plaintiffs' claims under (1) the Illinois Consumer Fraud and Deceptive Practices Act and, (2) a common-law breach-of-contract action claiming that American improperly changed the terms of its frequent-flyer program. 513 U.S. at 224-225.

The Supreme Court held in *Wolens* that the ADA preempted the plaintiffs' claims under the Illinois Consumer Fraud Act because it was a state law which "serve[d] as a means to guide and police the marketing practices of the airlines." 513 U.S. at 228 (emphasis added). The Court also

Page 13 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

held that, when interpreting air-carrier contracts, courts must limit themselves "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." 513 U.S. at 233.

The Supreme Court next applied ADA preemption concepts in *Rowe v. New Hampshire Motor Transp. Association*, 552 U.S. 364 (2008), which involved a Maine law requiring tobacco shippers to use only those delivery companies that provided certain recipient-verification services.[5] The Court held that the law was preempted because it forced motor carriers to offer services for the delivery of tobacco that customers might not demand absent state involvement. *Id.* at 373.

Most recently, in *Northwest Inc. v. Ginsberg*, 134 S. Ct. 1422, 1429 (2014), the Supreme Court concluded that the ADA preempts claims arising from state common law as "common-law rule clearly has 'the force and effect of law.'" In *Northwest*, the plaintiff claimed that the airline had breached its implied covenant of good faith and fair dealing when it terminated the plaintiff's membership in its frequent-flyer program. 134 S. Ct. at 1427. Taking a broad view of what "relates to" an air carrier's "rates, routes, or services" and thus what is preempted under the ADA, the Court held that plaintiff's claim was preempted because the frequent-flyer program related to both the airline's rates and services. "[T]he frequent flyer program," *Northwest* held, was connected to the airline's "'services,' i.e., access to flights and higher services categories." 134 S. Ct. at 1431. While the plaintiff argued that his claim concerned only his frequent-flyer program status itself, not access

---

[5] Although *Rowe* involved preemption under the Federal Aviation Administration Authorization Act ("FAAAA"), and not the ADA, "the FAAAA was modeled on the Airline Deregulation Act of 1978" and "us[es] text nearly identical to the Airline Deregulation Act's," including the exact preemption language at issue in this case. *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 643–44 (9th Cir. 2014). FAAAA cases are instructive for the ADA analysis, and *vice versa*. *Id.*

Page 14 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

to flights and upgrades, the Court held that that "proffered distinction ... has no substance" because the goal of the suit was to obtain, *inter alia*, "enhanced services." *Id.*

These decisions illustrate an expansive reading of the ADA preemption clause. For more than two decades, the Supreme Court has cleaved to the position that the ADA preemption clause expresses a "broad pre-emptive purpose" and is both "deliberately expansive" and "conspicuous for its breadth." *Morales*, 504 U.S. at 383-84; *Northwest*, 134 S. Ct. at 1428-29. The Court has given a clear directive that application of state law in a manner that has a connection to airline services is impermissible.

Under these precedents, Plaintiffs cannot use state-law theories to argue that Delta engaged in a surreptitious joint venture with AeroMexico with respect to interline flights such as AeroMexico Flight 2431. Such claims clearly "relate to" the routes and services carriers offer to the public via interline arrangements -- and would fall within the scope of the ADA's broad preemption clause. All such claims are prohibited as a matter of law. *See Mesa Airlines, Inc.*, 219 F.3d at 608-10 (affirming dismissal of tort claims as ADA-preempted because they "relate[d] to . . . which carriers fly to which destinations from which airports, and which carriers provide service . . . on through or joint routes").

## CONCLUSION

For the reasons set forth herein and in the accompanying Jensen Declaration, Delta's motion to for summary judgment as a matter of law should be granted. Plaintiffs cannot recover under the

///

///

///

Page 15 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725

terms of the Montreal Convention, and all other state-law claims are preempted. All claims against Delta should be dismissed with prejudice.

Dated: October 29, 2018.

>MB LAW GROUP, LLP
>
>s/ Jonathan M. Hoffman
> Jonathan M. Hoffman, OSB No. 892788
> Michael A. Yoshida, OSB No. 065631
> 117 SW Taylor Street, Suite 200
> Portland, OR 97204
> Telephone: 503-914-2015
> Email: jhoffman@mblglaw.com
> myoshida@mblglaw.com
>
> and
>
> CLYDE & CO US LLP
>
> s/ Jeffrey J. Ellis
> Jeffrey J. Ellis, *pro hac vice*
> 405 Lexington Avenue
> New York, New York 10174
> Telephone: (212) 710-3900
> Email: jeff.ellis@clydeco.us
>
> Attorneys for Defendant Delta Air Lines, Inc.

Page 16 - DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT

MB LAW GROUP, LLP
Attorneys at Law
117 SW Taylor Street, Suite 200
Portland, OR 97204
Telephone: 503-914-2015
Facsimile: 503-914-1725